# UNITED STATES DISTRICT COURT
Eastern District of New York

| UNITED STATES OF AMERICA | ) | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|---|
| v. | ) | |
| | ) | |
| SINMYAH AMERA CEASAR | ) | Case Number: CR17-48 & CR19-117 (JBW) |
| | ) | |
| | ) | USM Number: 89767-053 |
| | ) | |
| | ) | D. Von Dornnum & Samuel Jacobson-F.D. |
| | ) | Defendant's Attorney |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
AUG 06 2019
BROOKLYN OFFICE

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   1 of the information in CR17-48 & CR19-117        AUSA- Josh Hafetz

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC 2339B(a)(1)& (d | Conspiracy to provide material support to a foreign terrorist organization   (CR17-48) | | 1 |
| 18 USC 1512(c)(1) | Obstruction of an official proceeding (CR19-117) | | 1 |

The defendant is sentenced as provided in pages 2 through   9   of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

6/26/2019
Date of Imposition of Judgment

_[signature]_
Signature of Judge

JACK B. WEINSTEIN         SR. U.S.D.J.
Name and Title of Judge

8/5/2019
Date

A TRUE COPY
ATTEST
DATE _____ 2019
DOUGLAS C. PALMER
CLERK
_[signature]_
DEPUTY CLERK

AO 245B (Rev. 02/18) Judgment in Criminal Case
  Sheet 2 — Imprisonment

Judgment — Page 2 of 9

DEFENDANT: SINMYAH AMERA CEASAR
CASE NUMBER: CR17-48 & CR19-117 (JBW)

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

48 months

☑ The court makes the following recommendations to the Bureau of Prisons:

That the defendant be incarcerated at the FCI in Danbury Ct.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before 2 p.m. on _____ .

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 02/18)   Judgment in a Criminal Case
Sheet 3 — Supervised Release

Judgment—Page __3__ of __9__

DEFENDANT: SINMYAH AMERA CEASAR
CASE NUMBER: CR17-48 & CR19-117 (JBW)

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

8 years on count one in (CR17-48) and 3 years on count one in (CR19-117) to run concurrently.

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*
5. ☑ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 9

DEFENDANT: SINMYAH AMERA CEASAR
CASE NUMBER: CR17-48 & CR19-117 (JBW)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

1. Defendant shall participate in an educational or vocational training program as approved by the court's Probation Department.

2. Defendant shall participate in a mental health treatment program approved by the Probation Department. She shall contribute to the cost of such services rendered and/or any psychotropic medications prescribed to the degree she is reasonably able to do so, and shall cooperate in securing any applicable third-party payment. She shall disclose all relevant financial information and documents to the Probation Department to assess her ability to pay.

3. Defendant shall not associate in person, through mail, electronic mail, the Internet, social media, telephone, or any other means with any individual known by her to be affiliated with any terrorism-related groups, organized crime groups, gangs or any other criminal enterprise; nor shall she frequent any establishment, or other locale where these groups may meet, pursuant, but not limited to, a prohibition list provided by the Probation Department.

4. Defendant shall participate in polygraph examinations required by Probation to obtain information necessary for risk management and correctional treatment.

5. Defendant shall cooperate with the Probation Department's Computer and Internet Monitoring program. Cooperation shall include, but not be limited to, identifying computer systems, Internet capable devices, and/or similar electronic devices she has access to,

and allowing the installation of monitoring software/hardware on said devices, at her expense to the extent she can reasonably pay. Defendant may be limited to possessing only one personal Internet capable device, to facilitate the Probation Department's ability to effectively monitor her Internet related activities.

6. Defendant shall permit random examinations of said computer systems, Internet capable devices, and similar electronic devices, and related computer peripherals, such as CD's, under her control.

7. Defendant shall report to the Probation Department any and all electronic communications service accounts (as defined in 18 U.S.C. § 2510(15)) used for communications, dissemination and/or storage of digital media files (i.e., audio, video, images). This includes, but is not limited to, email accounts, social media accounts, and cloud storage accounts.

8. Defendant shall provide the Probation Department with account identifiers and passwords for each account, and shall report the creation of new accounts, changes in identifiers and/or passwords, transfer, suspension and/or deletion of any account within five days of such action. Failure to provide accurate account information may be grounds for revocation of release.

9. Defendant shall permit the Probation Department to access and search any account using her credentials when reasonable suspicion exists that she has violated a condition of supervision and that the account to be searched contains evidence of this violation. Failure to submit to such a search may be grounds for revocation of release.

10. Defendant agrees that the Probation Department may, in its discretion, share information obtained during its monitoring of her phone, electronic, Internet capable, and/or computer systems, communications accounts, and devices with the FBI in order for the FBI to

assist the Probation Department in evaluating such information as part of assessing Defendant's compliance with the terms of her supervision.

11.  Defendant agrees to monitoring by the Probation Department by location monitoring and/or global positioning systems ("GPS") for a period of six months. Such monitoring may include home detention and/or a curfew. Defendant agrees to abide by all technology requirements and all location monitoring and/or GPS policies and procedures. Defendant must pay the costs of monitoring to the degree she is reasonably able. Defendant must disclose all financial information and documents to the Probation Department to assess her ability to pay.

12.  Defendant shall submit her person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a female United States Probation officer. Failure to submit to a search may be grounds for revocation of release. Defendant shall warn any other occupants of her home that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that Defendant has violated a condition of her supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

Probation shall issue monthly reports to the court on the progress of Defendant so that the judge in charge of the case can consider shortening or lightening post-incarceration monitoring. Any supervision problems shall be promptly reported to the court. Both Probation and Defendant may move by letter for court intervention, limiting or expanding supervision.

A special assessment of $200, $100 on each count, is imposed.

DEFENDANT: SINMYAH AMERA CEASAR
CASE NUMBER: CR17-48 & CR19-117 (JBW)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ | $ |

Payable Immediately

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|  |  |  |  |
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  ☐ the interest requirement is waived for the  ☐ fine  ☐ restitution.

  ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: SINMYAH AMERA CEASAR
CASE NUMBER: CR17-48 & CR19-117 (JBW)

# ADDITIONAL FORFEITED PROPERTY

ORDER OF FORFEITURE FILED UNDER SEAL