

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AAS/DMP:ICR/JGH
F. #2016R00532

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

July 28, 2020

<u>By ECF & Email</u>

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: United States v. Sinmyah Amera Ceasar
       Criminal Docket No. 17-48 (KAM)
       <u>Criminal Docket No. 19-117 (KAM)</u>

Dear Judge Matsumoto:

    The government respectfully writes to advise the Court of the release from custody of the defendant Sinmyah Amera Ceasar ("Ceasar"), who was released from the Bureau of Prisons today.

    Ceasar was convicted of conspiring to provide material support to the Islamic State of Iraq and al-Sham ("ISIS"), in violation of 18 U.S.C. § 2339B(a), and obstruction of justice, in violation of 18 U.S.C. §§ 1512(c)(1) and 3147(1), for which the Honorable Jack B. Weinstein imposed a sentence for a total term of 48 months' imprisonment, an 87% variance below the low end of the 360-to-600 month Guidelines sentencing range. The government has appealed Ceasar's sentence to the Second Circuit on the grounds that it is substantively unreasonable. The appeal is fully briefed and has been proposed for oral argument the week of October 19, 2020.

    Absent an order by the Court prolonging the defendant's detention pursuant to 18 U.S.C. § 3143,[1] Ceasar will be at liberty pending the resolution of the appeal. She will be

---

[1] The statute, which governs the release or detention of a defendant pending appeal, does not specifically address the issue of a defendant's detention pending the government's appeal of his/her sentence once the term of imprisonment has been completed.

subject to stringent conditions of supervised release intended to mitigate any danger she poses and to aid her disengagement and deradicalization, including six months of location monitoring, restrictions on her association with anyone she knows to be affiliated with a terrorist organization, and search and monitoring conditions for her person, home, computers, email and social media accounts, among others. In addition, Ceasar is also required to participate in mental health treatment and educational or vocational training programs as directed by the Probation Department. The Probation Department is also required to submit a monthly report to the Court regarding the progress of the defendant. Should Ceasar violate her conditions of supervised release, the government will bring such violations to the Court's attention.

                                            Respectfully submitted,

                                            SETH D. DuCHARME
                                            Acting United States Attorney

                         By:   /s/
                               Ian C. Richardson
                               Josh Hafetz
                               Assistant U.S. Attorneys
                               (718) 254-7000

cc:    Clerk of Court (KAM) (by ECF)
        Deirdre D. von Dornum, Esq. and Samuel Jacobson, Esq. (by Email and ECF)
        Michael Imrek, Senior U.S. Probation Officer (by Email)

---

However, at least one court of appeals has ordered the defendant's continued detention in such circumstances. See United States v. Maul-Valverde, 10 F.3d 544, 545 n. 2 (8th Cir. 1993).