

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

AAS:ICR/JGH                                  *271 Cadman Plaza East*
F. #2016R00532                               *Brooklyn, New York 11201*

August 23, 2021

By ECF & Email

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: United States v. Sinmyah Amera Ceasar
     Criminal Docket No. 17-48 (KAM)
     <u>Criminal Docket No. 19-117 (KAM)</u>

Dear Judge Matsumoto:

   The government respectfully submits this letter in response to the Court's order instructing the parties to file letters addressing the next steps in this matter following the decision by the Court of Appeals to vacate the defendant's sentence and remand to this Court for resentencing consistent with 18 U.S.C. § 3553(a) and the opinion of the Court of Appeals. See United States v. Ceasar, No. 19-2881, 2021 WL 3640387, at *17 (2d Cir. Aug. 18, 2021).

   As detailed below, the government respectfully submits that the next step in this matter is for the Court to order the defendant detained, and moves the Court to immediately order that the defendant be held in custody pending further proceedings in the Court of Appeals and in this Court, as required by 18 U.S.C. § 3143.

I. <u>Ceasar Should Be Remanded to Custody</u>

   Title 18, United States Code, Section 3143 governs decisions regarding the detention of a defendant pending sentencing and appeal; and embodies a presumption that once a defendant has been adjudicated guilty, the defendant should ordinarily be detained pending sentencing or appeal, unless certain exceptions are satisfied. Indeed, "having been found guilty beyond a reasonable doubt . . . of felony crimes, [a defendant] has no substantive constitutional right to bail pending sentencing." United States v. Abuhamra, 389 F.3d 309, 317 (2d Cir. 2004). Thus, post-conviction, "[t]he burden of establishing that the defendant

will not flee or pose a danger to any other person or to the community rests with the defendant." Fed. R. Crim. P. 46(c).

      While it is not clear whether, in the current procedural posture, the defendant's detention is governed by § 3413(c), because she is subject to a sentence of imprisonment that has been appealed by the government, or by § 3143(a), because she is awaiting the imposition or execution of a sentence following remand from the Court of Appeals, under either provision the result is the same: the statute requires the Court to order the defendant's detention.

    A.    Procedural Posture

      While the Second Circuit's opinion vacated the defendant's sentence and remanded the matter to this Court to resentence the defendant, the Court of Appeals has not yet issued the mandate restoring jurisdiction to this Court to conduct the resentencing contemplated in its opinion. See United States v. Rivera, 844 F.2d 916, 921 (2d Cir. 1988) ("[J]urisdiction follows the mandate"). Nor is it clear when the mandate will issue. Under Federal Rule of Appellate Procedure 41(b), the "mandate must issue 7 days after the time to file a petition for rehearing expires, or 7 days after entry of an order denying a timely petition for panel rehearing, petition for rehearing en banc, or motion for stay of mandate, whichever is later," however the defendant has filed a motion in the Court of Appeals seeking a 30-day extension of her time to file a petition for rehearing, until October 1, 2021. (See United States v. Ceasar, No. 19-2881-cr(L), ECF No. 117 (2d Cir. Aug. 20, 2021). Thus, depending on the length of time the Court of Appeals requires to decide the defendant's petition for rehearing, the mandate may not issue until November, or later.

      Notably, although jurisdiction over the defendant's sentence remains in the Second Circuit until the issuance of the mandate, this Court retains jurisdiction to order the defendant's detention. See United States v. Hochevar, 214 F.3d 342, 344 (2d Cir. 2000) (rejecting defendant's motion for release pending appeal filed in the first instance in the Court of Appeals and explaining that "given the findings that must be made in order to warrant release, it is generally more appropriate that the motion be made initially in the district court"); see also United States v. Capanelli, No. 01 CR. 1121 (CSH), 2004 WL 1542247, at *4 (S.D.N.Y. July 9, 2004) ("While the Second Circuit in Hochevar retained the discretion to exercise original jurisdiction over 18 U.S.C. § 3143(b) motions, it is clear that this discretion does not exclude the jurisdiction of a district court to hear a 18 U.S.C. § 3143(b) motion, particularly where, as here, the appeal is at an early stage.").

    B.    Detention Pending Appeal

      Assuming that, until the Second Circuit issues the mandate returning jurisdiction to this Court to resentence the defendant, the question of her detention is controlled by § 3143(c), the law requires that the defendant be held in custody pending the issuance of the mandate. Title 18, United States Code, Section 3143(c) governs the release or detention of a defendant pending an appeal by the government. Under the circumstances presented here, the

Case 1:19-cr-00117-KAM   Document 51   Filed 08/23/21   Page 3 of 8 PageID #: 577

plain language of § 3143(c)(1) requires the Court to order the defendant detained pending the final disposition of the government's sentencing appeal.

Section 3143(c) specifies different procedures for determining whether a defendant should be released or detained depending on the nature of the government's appeal. "[I]n a case in which an appeal has been taken by the United States under [18 U.S.C. § 3731]," which authorizes the government to appeal orders dismissing an indictment, suppressing evidence, or ordering the release of a person charged or convicted of an offense, § 3143(c) provides that "[t]he judicial officer shall treat [the] defendant . . . , in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order." See, e.g., United States v. Workman, 680 F. App'x 699, 701–02 (10th Cir. 2017) ("Where the government takes an appeal from a suppression order, we generally treat the defendant as we would a pretrial defendant." (citing 18 U.S.C. § 3143(c))).

By contrast, and as relevant here, "in a case in which an appeal has been taken by the United States under [18 U.S.C. § 3742]," which authorizes the government to appeal the sentence imposed, § 3143(c) provides that "[e]xcept as provided in subsection (b) of this section, the judicial officer, . . . shall (1) if the person has been sentenced to a term of imprisonment, order that person detained; and (2) in any other circumstance, release or detain the person under section 3142." The phrase "[e]xcept as provided in subsection (b) of this section" refers to § 3143(b), which prescribes a different procedure for determining whether to detain or release a defendant in a case in which the defendant has been convicted and has appealed. The reference to § 3142 refers to the Bail Reform Act's provisions governing pretrial release or detention, and applies only when the government appeals a sentence that does not include a term of imprisonment.

Here, the government appealed the defendant's sentence under § 3742 after the defendant had been sentenced to a term of imprisonment. Because the defendant did not appeal her convictions or her sentence, § 3143(c)'s exception for the procedures set forth in § 3143(b) does not apply. Thus, § 3143(c)(1) provides that the Court "shall . . . order [the defendant] detained." 18 U.S.C. § 3143(c)(1).

C.      Detention Pending Resentencing

Even assuming that the question of the defendant's detention is controlled by 18 U.S.C. § 3143(a), which governs detention or release pending resentencing, and not by § 3143(c), § 3143(a) likewise requires that the Court order the defendant detained pending her resentencing. Title 18, United States Code, Section 3143(a)(2) provides that, in this case of a person, like the defendant, who has been adjudicated guilty of a violation of 18 U.S.C. § 2339B(a)(1),[1] and who is awaiting the imposition or execution of sentence, "[t]he judicial

---

[1]      18 U.S.C. § 2339B(a) is an offense listed at 18 U.S.C. § 2332b(g)(5)(B) for which a term of imprisonment of 20 years may be imposed and is thus one of the offenses

3

officer shall order [the person] be detained unless "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community" and, either (1) "the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted" or (2) "an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person." "This is a more stringent test than the one that applies to individuals who have been convicted of non-violent crimes, which requires only that the judge find 'by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . . .'" United States v. Lea, 360 F.3d 401, 403 (2d Cir. 2004) (quoting 18 U.S.C. § 3143(a)(1)); see also Fed. R. Crim. P. 46(c) (placing the burden on the defendant to establish that they are not a risk of flight or danger to the community).

Neither of § 3143(a)(2)'s exceptions applies to the defendant. First, there is no likelihood that a motion for acquittal or new trial will be granted because the defendant pleaded guilty to violating 18 U.S.C. § 2339B(a)(1). Nor is the second exception satisfied because the government has not—and will not—recommend that no sentence of imprisonment be imposed on the defendant. Accordingly, § 3143(a)(2) requires that the Court remand the defendant to custody pending her resentencing.

D.    The Exception to § 3143(a)(2) for "Exceptional reasons" Does Not Apply

"[A] defendant convicted of a crime of violence and awaiting sentencing who cannot satisfy the criteria set forth in § 3143(a)(2) may nevertheless be released if (1) the district court finds that the conditions of release set forth in § 3143(a)(1) have been met, and (2) 'it is clearly shown that there are exceptional reasons why [the defendant's] detention would not be appropriate.'" Lea, 360 F.3d at 403 (quoting 18 U.S.C. § 3145(c)) (emphasis in original). This narrow exception applies only when (1) the defendant carries her burden to prove by "clear and convincing evidence that [she] is not likely to flee or pose a danger to the safety of any other person or the community if released," 18 U.S.C. § 3143(a)(1); Fed. R. Crim. P. 46(c), and (2) when the defendant has demonstrated the existence of "exceptional reasons" warranting her release. "Exceptional circumstances exist where there is a unique combination of circumstances giving rise to situations that are out of the ordinary." Lea, 360 F.3d at 403 (internal quotation marks omitted).

1.    The Defendant is a Risk of Flight and a Danger to the Community

First, the defendant cannot demonstrate by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community if released. The defendant was convicted of conspiracy to provide material support to ISIS, in violation of 18 U.S.C. § 2339B(a)(1), a serious offense, which was only aggravated by the

_____

referenced at 18 U.S.C. § 3142(f)(1)(A) that carries a presumption of detention, both pending trial and pending sentencing or appeal.

defendant's subsequent commission of obstruction of an official proceeding, in violation of 18 U.S.C. § 1512(c)(2), while subject to onerous conditions of presentence release following her guilty plea to the Material Support offense. While the defendant's two offenses of conviction, and the surrounding circumstances make clear that she will not abide conditions of release imposed to protect the community from the danger she represents or to assure her appearance as required, the defendant's conduct while on supervised release has only reinforced that conclusion.

Since the defendant's release to supervision on July 28, 2020, the defendant has repeatedly, and flagrantly, violated the conditions of release imposed by Judge Weinstein to enable the Probation Department and the government to monitor the defendant's activity on the Internet. The defendant has continued the same pattern of creating, using and then deleting social media and encrypted messaging accounts that was part of her material support to ISIS, in violation of 18 U.S.C. § 2339B(a)(1), and that led to her conviction for obstruction of justice, in violation of 18 U.S.C. § 1512(c)(2), while on presentence release. The defendant's conduct have been well documented in both the Probation Department's November 2, 2020 Violation of Supervised Release ("VOSR") Report and subsequent status update memoranda, and in the government's March 29, 2021 memorandum in support of sentencing the defendant for her continuing violations of supervised release ("March 29 Letter," No. 17-CR-48, ECF Nos. 139 (under seal) and 140 (redacted)).

Indeed, despite repeated admonitions from this Court and even after pleading guilty to Charges One and Three of the VOSR Report, the defendant continues to access unmonitored electronic devices without authorization from the Probation Department and outside the presence of her counsel in violation of her conditions of supervised release. The defendant also continues to communicate with individuals she knows to be engaged in criminal activity or who have been convicted of felony offenses, among other violations of her conditions of supervised release.

Although the defendant has not been approved by the Probation Department to use an Internet-capable electronic device outside of the presence of her counsel since the FBI seized her Probation-authorized smartphone in October 2020 pursuant to a search warrant issued in the Southern District of New York, the government has obtained video evidence of the defendant using unapproved and unmonitored electronic devices in the lobby of the transitional community where she currently lives. Witnesses interviewed by the FBI have advised that the defendant regularly asks for the WiFi password when it changes, and extensive records from electronic communications service provides that demonstrate that the defendant is creating and using accounts with electronic communications and social media services and downloading and using encrypted mobile messaging applications, which she accesses from unauthorized and unmonitored electronic devices outside the presence of her counsel. Collectively, the government's evidence reflects that since at least December 2020, after the Probation Department charged the defendant with violating the conditions of her supervised release, through as recently as August 16, 2021, the defendant has accessed electronic

communications accounts from unmonitored and unapproved electronic devices in violation of her conditions of supervision.

Because some of the applications used by the defendant are designed to encrypt the contents of the defendant's communications, and because some of the providers of such services do not retain historical records of the defendant's communications, the government cannot know the identities of all of the individuals with whom the defendant communicates. The monitoring condition imposed by Judge Weinstein as part of the defendant's original term of supervised release was intended to provide the Probation Department and the government with visibility into the defendant's activity on the Internet by requiring Probation to install monitoring software on the defendant's approved Internet-capable devices. But the defendant has deliberately evaded this condition and attempted to blind the Court and the government to her conduct by using unmonitored electronic devices that she has not disclosed to Probation.

Records of the defendant's calls and text messages obtained by the government demonstrate, however, that at a minimum the defendant has been in regular communication with multiple convicted felons in violation of the terms of her supervised release. These include one individual who was, until recently, a fugitive charged by indictment in the Eastern District of Pennsylvania for fraud, and another who is currently an inmate at New Jersey's Northern State Prison and spoke with the defendant on at least 60 occasions between March and May 2021.

That the defendant has been willing to so flagrantly defy the authority of the Court by continuing to violate her conditions of supervised release is deeply troubling, and at a minimum prevents her from carrying her burden to prove by clear and convincing evidence that she is not a danger to the community or a risk of flight. Indeed, the defendant's repeated disobedience to the conditions of release imposed by the Court, and her efforts to conceal them from the government and the Probation Department, demonstrate that no order of the Court will be sufficient to assure the defendant's appearance as required. See, e.g., United States v. Williams, 654 F. App'x 3, 4 (2d Cir. 2016) (affirming pretrial order of detention based in part on defendant's "flagrant disregard for court orders of both civil and criminal cases" and defendant's "attempts to evade oversight and detection from government agents by using aliases and registering his companies in the names of other people") (internal quotation marks omitted).

But the Second Circuit's recent opinion also makes clear that her incentives have now changed dramatically in a way that makes her a serious risk of flight. The defendant again faces a Guidelines range term of 360-to-600 months' imprisonment at her resentencing. While even a dramatic variance below the low end of that Guidelines sentencing range would still result in the defendant being resentenced to a lengthy term of imprisonment in addition to the lenient 48-month term that she has already served, the defendant's repeated misconduct on supervised release has only increased the need for a substantial term of imprisonment to punish the defendant and promote respect for the law that she regularly defies. See United States v. Boustani, 932 F.3d 79, 83 (2d Cir. 2019) (affirming pretrial detention order based in part on

6

"the seriousness of the charged offenses and the lengthy possible sentence Boustani would face if convicted").

Accordingly, the defendant cannot prove by clear and convincing evidence that she is not a risk of flight or a danger to the community.

### 2. No "Exceptional Reasons" Justify the Defendant's Release

Finally, there are no exceptional reasons that warrant release under § 3145(c). In considering whether exceptional reasons warrant a defendant's release, courts consider a "wide range of factors" including "(1) the nature of the defendant's criminal conduct; (2) the defendant's prior record; (3) the length of the future prison sentence; (4) circumstances that may render the hardships of prison unusually harsh, such as illness or injury; (5) the likelihood of success on a pending appeal; and (6) whether the defendant was unusually cooperative with the government." United States v. Sabhnani, 529 F. Supp. 2d 377, 382 (E.D.N.Y. 2007).

None of these factors weigh in favor of the defendant's release. The defendant's underlying criminal conduct—providing material support to a foreign terrorist organization— is extremely serious, and the defendant is already a convicted recidivist who has regularly violated her conditions of release. She faces an advisory Guidelines range of 360-to-600 months' imprisonment and thus a lengthy term of imprisonment at resentencing. Finally, far from being cooperative with the government, she has already pleaded guilty to obstructing the government's investigation of her conduct on presentence release and lying to agents of the FBI about her activities.

Accordingly, the defendant cannot satisfy § 3145(c)'s narrow exception to § 3143(a)(2) requirement that this Court order the defendant detained pending resentencing.

## II.   Conclusion

For the foregoing reasons, whether under § 3143(a)(2) or under § 3143(c)(1), the law requires this Court to order the defendant detained. Therefore, the government

respectfully requests that the Court order the defendant detained pending further proceedings in the Court of Appeals and in this Court.

Respectfully submitted,

JACQUELYN M. KASULIS
Acting United States Attorney

By:    /s/ Ian C. Richardson
Ian C. Richardson
Josh Hafetz
Assistant U.S. Attorneys
(718) 254-7000

cc:    Clerk of Court (KAM) (by ECF)
Deirdre D. von Dornum, Esq. and Samuel Jacobson, Esq. (by Email and ECF)
Michael Imrek, Senior U.S. Probation Officer (by Email)