**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and
Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

November 24, 2021

By ECF and Electronic Mail
The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Sinmyah Amera Ceasar, 17-cr-48 / 19-cr-117 (KAM)

Dear Judge Matsumoto,

We write in response to the Court's November 10 order, directing defense counsel by November 24 to formalize in writing Ms. Ceasar's request that resentencing in her case be held in abeyance until after a decision is made by the U.S. Supreme Court on her petition for a writ of certiorari.

As the Court is aware, on August 18, 2021, the Second Circuit issued an opinion vacating the 48-month sentence imposed by the Honorable Jack B. Weinstein and remanding for resentencing. The mandate issued on November 16, 2021, and Ms. Ceasar's petition for certiorari is due to be submitted on February 7, 2022. Because disposition of the cert petition may impact Ms. Ceasar's case, and because Ms. Ceasar is currently detained on pending violations of supervised release, the requested abeyance should be granted. Should the cert petition be denied, we will advise the Court by letter within 7 days and provide a joint proposed sentencing schedule.

In two recent Southern District cases, courts granted adjournments or extensions following reversals by the Second Circuit on a government appeal, until a cert petition was resolved. *See United States v. Scott*, 06-CR-988 (LTS) (S.D.N.Y.), Dkt. No. 112 (Aug. 2, 2021) (extending a post-resentencing surrender date until cert petition resolved); *United States v. Brown*, 17-CR-420 (KMW) (S.D.N.Y.), Dkt. No. 109 (July 30, 2021) (adjourning resentencing sine die until cert petition in *Scott* resolved). In both cases, the defendant had been released and was facing a substantially longer sentence. And in both cases the government opposed the requested adjournment.

Here, in addition to the forthcoming cert petition, an abeyance is warranted given the need to resolve Ms. Ceasar's VOSR prior to resentencing. Ms. Ceasar is currently detained on the pending violations, we are in the process of reviewing the recently produced discovery with

her, and an arraignment on the VOSR charges is set for December 13 at 1:00 p.m. It would be impractical to prepare for resentencing before those violations have been adjudicated and the cert petition has been decided.

      Given the history of the case and the equities at play, we ask Your Honor to postpone resentencing until after the Supreme Court rules on Ms. Ceasar's cert petition. Thank you for your consideration of this letter.

                                              Respectfully Submitted,
                                              /s/
                                              Deirdre D. von Dornum
                                              Samuel I. Jacobson
                                              Federal Defenders of New York

cc:      all counsel of record (via ECF)
           U.S. Probation (via Email)