

U.S. Department of Justice

*United States Attorney
Eastern District of New York*

ICR/JGH
F. #2016R00532

*271 Cadman Plaza East
Brooklyn, New York 11201*

December 8, 2021

By ECF

The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Sinmyah Amera Ceasar
           Criminal Docket No. 17-48 (KAM)
           Criminal Docket No. 19-117 (KAM)

Dear Judge Matsumoto:

      The government respectfully submits this letter in opposition to the defendant's November 24, 2021 motion for the court to stay her re-sentencing pending the defendant's anticipated filing, and the Supreme Court's resolution of a petition for writ of certiorari. (See Def. Mot., ECF No. 172.) The government has no objection to resolving the defendant's pending violations of supervised release before proceeding with the re-sentencing hearing ordered by the Court of Appeals, because the determination of the defendant's conduct on supervised release should inform the Court's assessment of the length of sentence necessary to achieve the purposes of sentencing under 18 U.S.C. § 3553(a). But the government respectfully submits that any pre-sentencing delay should continue only as long as necessary to resolve the defendant's violations of supervised release, because the defendant has failed to demonstrate any reason to postpone the execution of the mandate of the Second Circuit's mandate on the unlikely chance that the Supreme Court will grant certiorari to review the Second Circuit's decision.

      On August 18, 2021, the U.S. Court of Appeals for the Second Circuit issued an opinion and order vacating the defendant's sentence as substantively unreasonable and remanding to this Court for resentencing. See United States v. Ceasar, No. 19-2881-cr(L), ECF No. 115 (2d Cir. Aug. 18, 2021). On October 1, 2021, the defendant timely filed a petition for panel rehearing and rehearing before the Court of Appeal en banc. See id. ECF No. 124 (2d Cir. Oct. 1, 2021). In her petition, Ceasar argued that the panel of the Court of Appeals that decided the government's appeal had erred in concluding that the government's appeal was timely filed, see id. at 7-9, and had erred under Gall v. United States, 552 U.S. 38 (2007), in assessing the reasonableness of the sentence imposed by Judge Weinstein, see id. at 10-16. The Court of Appeals denied the defendant's petition for panel rehearing and rehearing en banc on November 9, 2021, see United

States v. Ceasar, No. 19-2881-cr(L), ECF No. 129 (2d Cir. Nov. 9, 2021), and pursuant to Federal Rule of Appellate Procedure 41(b), on November 16, 2021, the Court of Appeals issued the mandate to this Court to carry out its judgment. Under Supreme Court Rule 13.3, the defendant's petition for the writ of certiorari must be filed in the Supreme Court on or before February 7, 2022.

The defendant now seeks to stay this Court's execution of the mandate issued by the Court of Appeals pending the Supreme Court's decision on the defendant's petition for a writ of certiorari. The defendant identifies no legal standard that this Court should apply in deciding this request, but the defendant's request is, in substance and effect, no different from a motion in the Court of Appeals to stay the issuance of the mandate to this Court. To obtain a stay of the issuance of the mandate from the Court of Appeals, the defendant would have been required to "show that the petition would present a substantial question and that there is good cause for a stay." Fed. R. App. 41(d)(1). The defendant did not move in the Court of Appeals for the relief that she now seeks from this Court, and the defendant cannot satisfy this standard.

"[T]he standard for presenting a 'substantial question' is high," and had the defendant presented this motion to the Court of Appeals, it would have considered whether the proposed petition presented a "'substantial question' that raise[s] a 'reasonable probability' that four justices will vote to grant certiorari," and "a 'fair prospect' that five justices will vote to reverse the Panel's judgment." United States v. Silver, 954 F.3d 455, 458 (2d Cir. 2020) (citing Maryland v. King, 567 U.S. 1301 (2012) (Roberts, C.J., in chambers); Ind. State Police Pension Tr. v. Chrysler LLC, 556 U.S. 960 (2009) (per curiam)).

The defendant has not shown that her petition will present a substantial question. The defendant did not argue in her petition for rehearing, and does not now argue in this Court, that the Second Circuit's decision created or deepened any conflict between the Courts of Appeal on the interpretation of federal law, "or has so far departed from the accepted and usual course of judicial proceedings . . . as to call for an exercise of [the Supreme Court's] supervisory power" as would be necessary to establish "compelling reasons" for the grant of the writ. U.S. Sup. Ct. R. 10(a). Rather, the defendant seeks Supreme Court review of the Second Circuit's decision only to correct what she contends is the misapplication of the controlling legal standard. But the Supreme Court is "not a court of error correction" Martin v. Blessing, 571 U.S. 1040, 1045 (2013) (Alito, J., statement respecting denial of certiorari), and the Supreme Court's Rules make clear that "[a] petition for a writ of certiorari is rarely granted when the asserted error consists of erroneous factual findings or the misapplication of a properly stated rule of law." U.S. Sup. Ct. R. 10.

The two examples of stays cited by the defendant both relate to the litigation that followed the Second Circuit's en banc decision in United States v. Scott, 990 F.3d 94, 98 (2d Cir.), cert. denied, 142 S. Ct. 397 (2021), which vacated a prior panel decision and clarified the New York first-degree manslaughter is a categorically violent felony under the Armed Career Criminal Act and the Career Offender Sentencing Guideline. Legal issues similar to those decided in Scott have frequently been reviewed and decided by the Supreme Court since the Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), found the Armed Career Criminal Act's residual-clause definition of "violent felony" unconstitutionally vague, but the defendant in this case has identified no such similarly contested legal issue. Indeed, unlike the defendant's motion, Scott's motion for a stay of his surrender date in United States v. Scott, 06-CR-988 (LTS), ECF No. 112 (S.D.N.Y. Aug. 2, 2021), identified a substantial question and

discussed the circuit split that he planned to raise in his petition for writ of certiorari. Accordingly, there is no reasonable probability that the Supreme Court will grant the defendant's petition, and thus she has not shown that her petition will present a substantial question.

Even if the defendant could show that her petition will present a substantial question, she cannot demonstrate good cause to stay the execution of the mandate. "A stay is not a matter of right, even if irreparable injury might otherwise result," and the mere possibility that a criminal defendant will serve additional time in prison under a sentence that the Supreme Court will eventually review and vacate is not sufficient to establish good cause for a stay. United States v. Silver, 954 F.3d 455, 460 (2d Cir. 2020) (internal quotation marks omitted). Here, even in the unlikely event that the Supreme Court were to reverse the judgment of the Court of Appeals, there is even less risk that the defendant will suffer irreparable injury from being sentenced to an additional term of imprisonment upon resentencing because the defendant is likely to serve a term of imprisonment for her violations of supervised release separate and independent from any additional imprisonment imposed upon resentencing. Thus, even if the Supreme Court were to later grant review of the Second Circuit's decision and affirm the defendant's original sentence, any additional term of imprisonment served by the defendant would be credited against the term imposed by this Court for the defendant's violations of her supervised release.

Accordingly, while the government has no objection to resolving the defendant's violations of supervised release before conducting the resentencing ordered by the Court of Appeals, the government respectfully submits that the defendant has not shown that this Court should delay resentencing the defendant on the unlikely chance that the Supreme Court will grant the defendant's anticipated petition for a writ of certiorari.

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:   /s/ Ian C. Richardson
       Ian C. Richardson
       Josh Hafetz
       Assistant U.S. Attorneys
       (718) 254-7000

cc:   Clerk of Court (KAM) (by ECF)
      Deirdre D. von Dornum, Esq. and Samuel Jacobson, Esq. (by Email and ECF)