**Federal Defenders**
OF NEW YORK, INC.

One Pierrepont Plaza-16th Floor, Brooklyn, NY 11201
Tel: (718) 330-1200 Fax: (718) 855-0760

David E. Patton
*Executive Director and Attorney-in-Chief*

Deirdre D. von Dornum
*Attorney-in-Charge*

June 3, 2022

<u>By ECF and Electronic Mail</u>
The Honorable Kiyo A. Matsumoto
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Sinmyah Amera Ceasar</u>, 17-cr-48 / 19-cr-117 (KAM)

Dear Judge Matsumoto,

At the May 11, 2022 status conference, the Court directed the parties to (1) obtain, if possible, Ms. Ceasar's complaints to the MDC regarding insufficient halal meals and (2) submit a proposed order to this Court directing the MDC to provide Ms. Ceasar with sufficient halal meals.

***Ms. Ceasar's Prior Complaints to the MDC Regarding Halal Meals***

The government noted at the May 11, 2022, status conference that it had been informed by the MDC that the MDC had no record of Ms. Ceasar ever emailing to complain about halal meals, and, moreover, that the complaint she made to the Court was the first time MDC was being apprised of this issue. Attached (as Exhibit A) for the Court's review are Ms. Ceasar's four emails that she sent to Food Services, and then forwarded to Religious Services and to the Correctional Captain between April 10, 2022 and April 24, 2022, complaining of inadequate

provision of halal meals.[1] These emails are in addition to Ms. Ceasar's repeated oral complaints during this time period to her unit manager, counselor, the Food Services staff who came to the unit, and the Executive Staff on mainline.

After counsel provided these emails to the government, the government provided them to the MDC and, in response, was informed that "[t]he email account that Ceasar was sending emails to was not functioning from April 4, to May 23, 2022." The referenced non-functioning email account is, apparently, the Food Services email. Even assuming that assertion is true, it does not explain why Ms. Ceasar's emails to the Religious Services Department and the Captain also apparently were lost.

In addition, the MDC noted to the government that "Ceasar did not present any of her complaints through the use of the informal resolution form that is discussed in the MDC Brooklyn inmate handbook and is the first step of the administrative remedy process." This is a surprising assertion given that the MDC Brooklyn Inmate Handbook section on "Problem Resolution" discusses an informal resolution form[2] but also states "Inmates may also e-mail staff," just as Ms. Ceasar repeatedly did. *See Inmate Admission & Orientation Handbook*, at 28, available at https://www.bop.gov/locations/institutions/bro/BRO_aohandbook.pdf. *See also* BOP Program Statement 1330.18, *Administrative Remedy Program*, §542.13 (Informal Resolution) ("an inmate shall first present an issue of concern informally to staff and staff shall

---

[1] Ms. Ceasar printed these emails from her Trulincs account and mailed them to counsel. Because the printer on her unit is out of ink, she also handwrote some of the words so that they would be readable by the Court and counsel.

[2] In addition, in the 20 years that I have been working with clients at the MDC, the MDC Legal Department has repeatedly represented, including in the COVID-19 class action case before Judge Kovner, that MDC has no "informal resolution form" and that no particular form is required: inmates can submit a "cop-out" by email to staff, as Ms. Ceasar did here, or by a handwritten note on any available paper.

attempt to informally resolve the issue before an inmate submits a Request for Administrative Remedy.").

***MDC Objects to The Court Ordering It To Provide Adequate Halal Meals to Ms. Ceasar***

The proposed order, which simply directs the MDC to provide adequate halal meals to Ms. Ceasar and to ensure that she is offered a non-beef alternative, is attached as Exhibit B.

The government has indicated that MDC Brooklyn objects to the proposed order, to wit:

> MDC does not believe there is a need for the order and objects to it. MDC has advised that Ceasar has been receiving halal meals in accordance with her dietary selection. MDC has advised that during Ramadan when Ceasar was complaining of receiving halal meals only once a day, all three daily meals were provided all at one time to inmates on the halal list in observance of the Ramadan fast. Ramadan is now over and halal meals are provided to inmates three times a day.
>
> Beef can be halal and is included in halal meals which are standardized for all inmates who receive halal meals. If Ceasar wants to opt out of receiving beef she can opt for the "non-flesh" dietary option. Ceasar has not complained about the beef being infested by maggots and the MDC would dispute that allegation. Finally, the MDC is unaware of Ceasar having any documented medical condition that would prevent her from eating beef.

As the Court is aware, Ms. Ceasar's complaint was not that the halal meals were being brought all at one time in the evening during Ramadan. Rather, as reflected in her emails to MDC staff, from approximately April 15, 2022 to April 22, 2022, Ms. Ceasar was menstruating, and thus had informed MDC staff that, as is customary, she would not observe the Ramadan fast during this time, but would need to eat three times a day. *See* Ex. A. During this time that she was menstruating, Food Services repeatedly forgot to bring her halal meals during the day, forcing her to either fast all day while menstruating or eat non-halal foods from mainline. *Id.* Then, on April 23, 2022, Ms. Ceasar wrote to inform the MDC that she had finished menstruating and would like to be put back on the Ramadan schedule. *Id.* On April 24, 2022, she wrote to complain that an insufficient number of halal meals had been brought in the evening to feed the number of women who were observing Ramadan. *Id.*

3

In any event, if MDC is now providing Ms. Ceasar with three halal meals a day, then it is hard to see why they would object to being ordered to do just that, since the order will pose no extra burden. Moreover, Ms. Ceasar has previously requested the "non-flesh" religious diet but is still provided with beef. Accordingly, requiring MDC to provide a non-beef halal diet to Ms. Ceasar is appropriate.

For all of these reasons, we would ask the Court to enter the attached proposed order.

Respectfully Submitted,
/s/
Deirdre D. von Dornum
Samuel I. Jacobson
Federal Defenders of New York
(917) 623-9894

cc:   all counsel of record (via ECF)
      U.S. Probation Officer Michael Imrek (via Email)